IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL DAVID BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-06-322-L |
| | ) | |
| CITY OF OKLAHOMA CITY, a municipal corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Claiming that he was the victim of excessive force by City police officers, plaintiff brought this action pursuant to 42 U.S.C. § 1983 against the City of Oklahoma City.[1]  This matter is before the court on the City's motion for summary judgment.  Summary judgment is appropriate if the pleadings, affidavits, and depositions "show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from

---

[1] The complaint names John Doe police officers as defendants.  At no time during the pendency of this action, however, has plaintiff sought leave to name the officers in question and no individual officer has ever been served.  This action is therefore prosecuted solely against the City.

1

the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v. Pico, 457 U.S. 853, 863 (1982). Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party "must set forth *specific* facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). *See also*, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). In addition, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The undisputed facts[2] establish that plaintiff consumed approximately 12 beers on the evening of September 27, 2003 while at a bar near Oklahoma City. At

---

[2]The majority of the facts outlined in the court's order are derived from the Material Facts Not in Dispute presented by the City in its motion. Local Rule 56.1(c) provides that "[a]ll material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party." In his response, plaintiff did not specifically controvert any of the facts contained in the City's brief. Therefore, the undisputed facts set forth by the City are deemed admitted.

approximately 2:30 a.m., City police officer Casey Owens observed the vehicle plaintiff was operating run a stop sign. Officer Owens noticed that the car was missing its right front tire and was being driven on the rim; sparks were coming from the rim and it was gouging a groove in the pavement. After stopping the vehicle, Officer Owens observed that plaintiff appeared to be highly intoxicated; he therefore placed plaintiff under arrest and transported him to the Oklahoma County Detention Center. While at the Detention Center, plaintiff contends he was beaten by unknown officers after he attempted to invoke his Fifth Amendment rights. Complaint at 5. Plaintiff admits he does not remember being beaten, only that "I don't know what it was that made contact with my face and my chin, but something hit me extremely hard. I don't recall if it was fist, if it was an elbow, if it was a wall, if it was the ground." Deposition of Michael David Baker at 45. The City contends plaintiff intentionally injured himself by slamming his forehead into a soda machine and that other injuries may have occurred when plaintiff was subdued by Detention Center employees. Exhibit 3 to Defendant City's Brief in Support of its Motion for Summary Judgment at 3. It is undisputed, however, that plaintiff was injured, as he was bleeding from his nose and chin. Id.

In his complaint, plaintiff contends the City is liable because it failed to properly train its police officers.[3]

> In order to prevail on a claim against a municipality for failure to train its police officers in the use of force, a plaintiff must first prove the training was in fact inadequate, and then satisfy the following requirements:
>
> > (1) the officers exceeded constitutional limitations on the use of force; (2) the use of force arose under circumstances that constitute a usual and recurring situation in which police officers must deal; (3) the inadequate training demonstrates a deliberate indifference on the part of the city toward persons with whom the police officers come into contact, and (4) there is a direct causal link between the constitutional deprivation and the inadequate training.

Brown v. Gray, 227 F.3d 1278, 1286 (10th Cir. 2000) (*quoting* Allen v. Muskogee, 119 F.3d 837, 841-42 (10th Cir. 1997)). Implicit in these elements is the requirement that plaintiff establish – at a minimum – that a *City* employee committed the alleged constitutional violation, but municipal liability may not attach under § 1983 solely on the basis of respondeat superior. *See* Monell v. New York City Dep't. of Social Services, 436 U.S. 658, 694 (1978). "[I]n order for liability to attach in a failure to

---

[3]Plaintiff alleges:

> The City of Oklahoma City inadequately trained its police officers and hired inadequately trained personnel as the Defendants John Doe Police Officers did not even know the constitutional rights of the Plaintiff; or if they knew said rights, intentionally deprived the Plaintiff of such rights.

Complaint at 5.

train case, 'the identified deficiency in a city's training program must be closely related to the ultimate injury,' so that it 'actually caused' the constitutional violation". Brown, 227 F.3d at 1290 (*quoting* City of Canton v. Harris, 489 U.S. 378, 391 (1989)).

The court need not determine whether plaintiff has established that a City employee used excessive force on him,[4] because the court finds he has presented no evidence that the training was inadequate.  While plaintiff claims the City failed to properly train its officers in the use of appropriate force, the only evidence before the court establishes the opposite.  The record reflects Officer Owens has received more than 1700 hours of training[5] and was specifically trained to never strike an arrestee in the areas where plaintiff was allegedly struck, that is the head and neck region.[6]  Plaintiff has failed to present any evidence that the City failed to train its officers, much less that the failure to train amounted "to deliberate indifference to the rights of persons with whom the police come into contact." Myers v. Okla. County Bd. of County Comm'rs, 151 F.3d 1313, 1318 (10th Cir. 1998).  This is fatal to his § 1983 claim against the City.

---

[4]In this case the court has a dearth of evidence regarding what occurred the night in question.  There is, therefore, at best a genuine issue regarding whether plaintiff was beaten and if so by whom or whether his injuries were self-inflicted.  The court cannot resolve that issue on a motion for summary judgment.

[5]Exhibit 12 to Defendant City's Brief in Support of its Motion for Summary Judgment at ¶¶ 13-16.

[6]*See* Exhibit 23 to Defendant City's Brief in Support of its Motion for Summary Judgment at 16-17; Exhibit 12 to Defendant City's Brief in Support of its Motion for Summary Judgment at ¶ 4.

Therefore, Defendant City's Motion for Summary Judgment (Doc. No. 26) is GRANTED. Judgment will issue accordingly.

It is so ordered this 8th day of March, 2007.

_____
TIM LEONARD
United States District Judge